IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:20CR317 |
| | : | |
| ISMAY PRUDENCE KATHLEEN JAMES, also known as Ismay James Covington and Ismay Prudence James | : : : | |

GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)

NOW COMES the United States of America by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and hereby files this memorandum of law in support of its notice of intent to introduce evidence under Rule 404(b) of the Federal Rules of Evidence for the Court's consideration, and states the following in support thereof:

I.  STATEMENT OF FACTS

The defendant, Ismay Prudence Kathleen James, also known as Ismay James Covington and Ismay Prudence James ("James") is charged with a violation of 18 U.S.C. § 611, which prohibits a non-citizen alien from voting in an election held to elect the President, Vice President, member of the Senate or member of the House of Representatives. The evidence presented at trial will establish that James, a citizen of Bermuda, came to the United States on

a B2 visa (i.e., a travel visa) in 1988 and subsequently married a United States citizen. Thereafter, between 1990 and 2003, a series of petitions were filed either by James, or on her behalf, to allow her to remain in the United States. Most recently (and most relevant), on April 14 2003, James applied to be a legal permanent resident in the United States. That application was approved on March 26, 2004 and James remains a legal permanent resident. James is not a United States citizen and has not applied to become a citizen.

The current charge arises from her voting in the November 2016 election, which was held in part to select the President, the Vice President, a member of the Senate, and a member of the House of Representatives.

A. Proposed Evidence

Business records produced by North Carolina Board of Election ("NCBOE") officials show that James previously completed three voter registration forms in Orange County in 2004, 2012, and 2014, respectively, and one voter registration form in Alamance County in 2016, which she completed on the same day that she voted. NCBOE business records also indicate that James voted in federal elections in Orange County in 2004, 2008, 2010, 2012, and 2014 (in addition to voting in Alamance County in the 2016 election, which gives rise to the current charge). Federal Rule of Evidence 404 allows the admission of both the past voter registrations and the past voting.

II. <u>LEGAL ISSUES</u>

   A. The Court should admit the evidence of James' 2016 voter registration as Intrinsic to the Charged Offense.

The Federal Rules of Evidence provide that, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." This evidence may, however, be admissible as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Rule 404(b)'s list of permissible bases for admission is not exclusive or exhaustive. *United States v. Johnson*, 634 F.2d 735, 737 (4th Cir. 1980), *cert. denied*, 451 U.S. 907 (1981) ("The Rule's list is merely illustrative, not exclusive.").

Not all bad acts or other crimes are encompassed by Rule 404(b). *United States v. Brizuela*, 962 F.3d 784, 793 (4th Cir. 2020); *United States v. Bush*, 944 F.3d 189, 195-96 (4th Cir. 2019). Some bad acts are simply part of the story of the crime charged. *Id.* In *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994), the Fourth Circuit held that "evidence of uncharged conduct is not considered 'other crimes' evidence if it 'arose out of the same ... series of transactions as the charged offense, ... or if it is necessary to complete the story

3

of the crime (on) trial.'" *Id.* (quoting *United States v. Towne*, 870 F.2d 880, 886 (2d Cir.1989)).

In this case, James both registered to vote and voted in Alamance County on November 2, 2016 at a so-called "early voting" poll site. Both acts occurred during the same transaction; indeed, registration in Alamance County was a prerequisite to casting a ballot in Alamance County. The story of James' conduct on November 2 cannot be told without mention of the voter registration completed immediately prior to voting.

B.  The Court should admit the evidence of James' voter registrations prior to 2016 and her voting in prior federal elections as Relevant and Admissible Under Federal Rule of Evidence 404(b).

Rule 404(b) is a rule of inclusion and, as such, admits all evidence of other crimes "except that which tends to prove only criminal disposition." *United States v. Powers*, 59 F.3d 1460, 1464 (4th Cir. 1995) (internal quotation marks omitted). Moreover, a district court has great discretion to admit evidence under Rule 404(b). *See, e.g., id.* (holding that such rulings must stand unless "arbitrary or irrational"). The balancing test for the admission of prior acts under Rule 404(b) is longstanding and straightforward in this Circuit:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2)

4

> The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). Certain "additional protection against the pitfalls the Rule protects against may be provided by a limiting jury instruction explaining the purpose for admitting evidence of prior acts." *See United States v. Hornsby*, 666 F.3d 296, 307 (4th Cir. 2012) (quotation, citation, and alterations omitted).

The balancing test in *Queen* weighs in favor of admitting the evidence of James' registrations and voting prior to 2016. Evidence of past registration and voting is relevant because it demonstrates absence of mistake and her understanding the means of voting, both of which reinforce her general intent to vote in 2016. The past acts (voting in Orange County), in fact, are virtually identical to the act (voting in 2016 in Alamance County) to be proven. They similarly require the same two-step process to accomplish, that is, registration followed by voting.

This evidence is likewise probative on the issues of her general intent and her understanding of the means of voting. She demonstrated these through her past registrations in Orange County, followed by consistent voting

5

in Orange County. Once she moved her residence, she then repeated the process in 2016 in Alamance County.

Consistent with the third *Queen* factor, the evidence of voting is reliable. It arises from certified business records maintained by a state government agency, the NCBOE.

Finally, the probative value of the evidence of her past registration and voting behavior is not substantially outweighed by potential confusion or prejudice. NCBOE business records do not shock the conscience or risk the jury basing its decisions on emotional reaction. The act of voting, while certainly meaningful, should not elicit the same emotional reaction as, for instance, a violent criminal act. *Cf. United States v. Barefoot*, 754 F.3d 226, 236-37 (4th Cir. 2014), *cert. denied*, 574 U.S. 1006 (2014) (allowing admission of evidence of a prior murder to prove solicitation to damage government property charges); *United States v. Straite*, 576 F. App'x 211 (4th Cir. 2014) (unpublished) (allowing admission of two prior grocery store robberies to prove charged bank robbery). This Court could address any potential risk of basing a decision on the defendant's "propensity" by instructing the jury to consider the evidence for the purposes of establishing general intent and demonstrating her knowledge of the voting process.

6

III. CONCLUSION

For all of the reasons stated above, the evidence detailed above is admissible under Rule 404(b) and the Court should allow them.

This the 18th day of November, 2020.

          Respectfully submitted,

          /S/ MATTHEW G.T. MARTIN
          United States Attorney
          NCSB#32814

          /S/ STEPHEN T. INMAN
          Assistant United States Attorney
          Deputy Chief, Criminal Division
          NCSB #26913
          United States Attorney's Office
          Middle District of North Carolina
          101 S. Edgeworth St., 4th Floor
          Greensboro, NC  27401
          Phone:  336/333-5351
          Email: sinman@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alan Doorasamy, Sr., Attorney for Defendant

/S/ MATTHEW G.T. MARTIN
United States Attorney
NCSB #32814
101 S. Edgeworth Street, 4th Floor
Greensboro, NC  27401
336/333-5351
Email: matt.martin@usdoj.gov

/S/ STEPHEN T. INMAN
Assistant United States Attorney
Deputy Chief, Criminal Division
NCSB #26913
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., 4th Floor
Greensboro, NC  27401
Phone:  336/333-5351
Email: sinman@usdoj.gov