IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:20CR317 |
| | : | |
| ISMAY PRUDENCE KATHLEEN | : | |
| JAMES, also known as Ismay James | : | |
| Covington and Ismay Prudence James | : | |

## GOVERNMENT'S MOTION IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT THEREOF

NOW COMES the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and moves the Court to exclude the affirmative defense of entrapment by estoppel and evidence related thereto, as more fully detailed below.

## Background[1]

On November 26, 1988, the defendant, Ismay Prudence Kathleen James also known as Ismay James Covington and Ismay Prudence James ("James"), a citizen of Bermuda, came to the United States on a B2 visa (i.e., a travel visa) and subsequently married a United States citizen. Thereafter, between 1990 and 2003, a series of petitions were filed either by James, or on her behalf, to

---

[1] The facts in the section are taken from discovery materials produced to defense counsel.

1

allow her to remain in the United States.  Most recently (and most relevant), on April 14 2003, James applied to be a permanent resident in the United States.  That application was approved on March 26, 2004.  James remains a permanent resident.  James is not a United States citizen and has not applied to become a citizen.

As part of an ongoing investigation into voter fraud, North Carolina Board of Election ("NCBOE") officials produced business records showing that James registered to vote in Alamance County in 2016.  The evidence will show that James' registration is marked "yes" to the question, "Are you a citizen of the United States?" The attestation above the signature line at the bottom of the form states "I attest, **under penalty of perjury**, that in addition to having read and understood the contents of this form, that: I am a United States citizen, as indicated above . . . ." (emphasis in original). James signed the form, so attesting.   NCBOE's voter information also shows that James completed registration forms with similar attestations of United States citizenship in 2004, 2012, and 2014 and voted in federal elections in 2004, 2008, 2010, 2012, 2014, and 2016.

HSI Raleigh agents subsequently went to James's home in Burlington to try to interview her.  Agents spoke to a male who said he was James's son and that James was at work.  Agents left their contact information with James's son.  A short time later, James called the agents and requested to answer

questions over the phone.  James told agents, among other things, that she is a citizen of Bermuda and has been a permanent resident in the United States for over ten years.

James also told agents that she registered to vote when she took her daughter to vote but does not recall the location.  James said that she *did not* check that she was a United States citizen on the registration form.  James further stated that she believed that she was told she is allowed to vote.  More specifically, she explained that a United States Citizenship and Immigration Services (USCIS) employee advised her that as a legal permanent resident, "she can do anything a United States citizen can do."  James did not offer the agents any further details about this discussion, such as when or where it occurred, or under what circumstances, other than to say the employee was a "black lady."  On that basis, James apparently seeks to introduce at trial the substance of this story as evidence that she was entrapped into voting.

## Motion in Limine

James should not be allowed to argue entrapment by estoppel because she cannot show that (1) she was actively misled or (2) that she reasonably relied on any purported statement by a government agent.

Entrapment by estoppel is "a narrow exception to the general principle that ignorance of the law is no defense."  *United States v. Aquino-Chacon*, 109 F.3d 936, 938 (4th Cir. 1997) (internal quotation marks omitted); *see also Raley*

3

*v. Ohio*, 360 U.S. 423 (1959) (first recognizing this narrow exception); *United States v. Howell*, 37 F.3d 1197, 1204 (7th Cir. 1994) (explaining that entrapment by estoppel is "rarely available"). A defendant may present an entrapment by estoppel defense when three requirements are met: (i) a government agent affirmatively assured the defendant that the conduct in question is lawful, (ii) the defendant engages in the conduct in reasonable reliance on those assurances, and (iii) a criminal prosecution ensues based on the conduct. *Aquino*-Chacon, 109 F.3d at 938-39; *see also United States v. Marshall*, 332 F.3d 254, 262 (4th Cir. 2003). The defendant "must demonstrate that there was 'active misleading' in the sense that the government actually told [her] that the proscribed conduct was permissible." *Aquino*-Chacon, 109 F.3d at 939. James cannot establish the first two elements.

James does not claim that any government employee told her that she was allowed to vote as a permanent resident. Instead, she points to a general statement ostensibly about the rights of non-citizen legal permanent residents. But a vague statement by an unknown government employee concerning rights of legal permanent residents is insufficient to show James was "actively misled" concerning the citizenship requirements to vote in federal elections. Under similar circumstances, the Fourth Circuit has rejected attempts by defendants to assert entrapment by estoppel when the statement in question does not directly address the conduct in question. *See Aquino-Chacon*, 109

4

F.3d at 939 ("There was no active misleading here because Form I-294 did not affirmatively assure Aquino-Chacon that reentry without permission was lawful if it occurred more than five years after his deportation."); *Marshall*, 332 F.3d at 262 (rejecting argument that the government gave the defendant "tacit assurances").

In *Fitzpatrick v. Sessions*—a case that, like here, addressed the entrapment defense in the context of illegal voting in federal elections—the Seventh Circuit rejected an attempt by the defendant to argue she was misled when the government agent's statement did not affirmatively address the legality of voting in federal elections. 847 F.3d 913 (7th Cir. 2017).[2] Specifically, when filling out forms at the DMV in Illinois, the clerk asked Fitzpatrick whether she wanted to vote. *Id.* at 914. Fitzpatrick inquired, "Am I supposed to?" The clerk apparently responded, "It's up to you." *Id.* The Seventh Circuit explained: "even if the clerk had assured Fitzpatrick (as he did not) that she was entitled to register, that assurance differs from authorization to vote." Like the defendant in *Fitzpatrick*, James was not affirmatively told she is allowed to vote in a federal election. James is instead asking the Court to adopt a very specific interpretation from a vague, sweeping statement. But doing so is contrary to long-standing precedent that requires

---

[2] *Fitzpatrick* addresses an appeal from the Board of Immigration Appeals.

5

affirmative and specific assurances concerning the behavior for which a defendant is being prosecuted. James simply was not actively misled about voting.

Even assuming James was actively misled, she cannot show any reliance was reasonable. Under North Carolina law, voter registration forms contain an attestation of United States citizenship. *See* N.C. Gen. Stat. § 163-82.4. The attestation is an immediate clue that one must be a citizen to vote. On the day that she voted in Alamance County, James completed a registration application form replete with clues that citizenship was a prerequisite to vote. Box 1 at the top of the form states, "Are you a citizen of the United States?" and includes a note "IF YOU CHECKED 'NO' IN RESPONSE TO THIS QUESTION, DO NOT SUBMIT THIS FORM. (emphasis in original)." James indicated her understanding of the citizenship requirement by checking "*yes*" to the question of whether she is a citizen. She likewise attested to citizenship just above her signature line. She made the same misrepresentation on registration forms in 2004, 2012, and 2014. If James reasonably believed that legal permanent residents can vote, why did she make an affirmative and material misrepresentation on her voter registration? James is "literate in English and has no excuse for making that misrepresentation." *Fitzpatrick*, 847 F.3d at 915. Furthermore, any cursory search would have revealed that non-citizens cannot vote in federal elections. *See id*. Accordingly, the Court

should exclude evidence related to the affirmative defense of entrapment by estoppel.[3]

Likewise, any evidence that James was told "she can do anything that a United States citizen can do" should be excluded as irrelevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. James was charged with violating 18 U.S.C. § 611 (voting by non-citizens). Section 611 is a general-intent statute. *Kimani v. Holder*, 695 F.3d 666, 669 (7th Cir. 2012).

Since Section 611 is a general intent crime, the government does not need to prove that James knew that voting as a non-citizen is illegal. *Id.* (noting that "§ 611(a) does not depend on proof that the alien knew that voting is forbidden."). Evidence bearing on James's state of mind is therefore irrelevant. *See, e.g., United States v. Martinez-Morel*, 118 F.3d 710, 714-15 (10th Cir. 1997) (affirming district court's decision to exclude evidence that the defendant knew he was deported because 18 U.S.C. § 1326(a) is a general intent crime and "[t]he only intent the government must prove is the 'general

---

[3] Courts generally disfavor disposing of affirmative defenses pre-trial. But such resolution is permissible where, as here, the evidence clearly does not support the defense. *See, e.g., United States v. Galecki*, 932 F.3d 176, 191-92 (4th Cir. 2019) (affirming refusal to permit defendant to present evidence of entrapment by estoppel defense in controlled substance prosecution); *United States v. Ray*, No. 99-4415, 1999 U.S. App. LEXIS 26822, at *7 n.2 (4th Cir. 1999) (same in firearm prosecution) (unpublished).

intent to do the prohibited act, to-wit enter.'").

## CONCLUSION

For the foregoing reasons, the government asks the Court to preclude the defendant from asserting an affirmative defense of entrapment by estoppel at trial and offering evidence related thereto.

This the 18th day of November, 2020.

Respectfully submitted,

/S/MATTHEW G.T. MARTIN
United States Attorney
NCSB#32814

/S/ STEPHEN T. INMAN
Assistant United States Attorney
Deputy Chief, Criminal Division
NCSB #26913
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., 4th Floor
Greensboro, NC  27401
Phone:  336/333-5351
Email: sinman@usdoj.gov

8

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alan Doorasamy, Sr., Attorney for Defendant

/S/ MATTHEW G.T. MARTIN
United States Attorney
NCSB #32814
101 S. Edgeworth Street, 4th Floor
Greensboro, NC  27401
336/333-5351
Email: matt.martin@usdoj.gov


/S/ STEPHEN T. INMAN
Assistant United States Attorney
Deputy Chief, Criminal Division
NCSB #26913
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., 4th Floor
Greensboro, NC  27401
Phone:  336/333-5351
Email: sinman@usdoj.gov

9