# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| V. | : | 1:20CR317 |
| | : | |
| | : | |
| ISMAY PRUDENCE KATHLEEN JAMES | : | |

---

## DEFENDANTS OPPOSITION TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404 (B) AND FILES THIS MOTION IN LIMINE

The Defendant, Ismay Prudence Kathleen James, by and through undersigned counsel, hereby files this response to the Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b), and Motion In Limine.

## AD PARAGRAPH I    STATEMENT OF FACTS

The current charge is based on Ms. James allegedly voting in the November 2016 general election, which was held in part to select the President, the Vice-President, a member of the Senate, and a member of the House of Representatives.

## AD PARAGRAPH I     A. PROPOSED EVIDENCE

The business records produced by the North Carolina Board of Election officials, the voter registration forms nor ballot, indicate who completed the voter registration forms in Orange County in 2004, 2012 and 2014, and in 2016, in Alamance County. Neither do the business records indicate who voted in the general elections in Orange County in 2004, 2008, 2010, 2012 and 2014, nor do they indicate who voted in Alamance County in 2016. These business records are hearsay and highly prejudicial if admitted to prove that Ms. James completed the registration forms or voted. The business records show *prima facie*, the name of Ms. James and her address, and no further evidence to confirm who actually completed the voter registration forms, or who actually voted.

Federal Rule of Evidence 403 (FRE) provides that:

> *The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.*

Therefore, when the probative value is small, even *"a small risk of misleading the jury,"* or *"a modest likelihood of unfair prejudice"* is

enough to outweigh the probative value of marginally relevant evidence. *U.S. v. Espinoza-Baza, 647 F.3d 1182, 1191 (9th Cir. 2011.)*

### AD PARAGRAPH II    LEGAL ISSUES A

Ms. James objects to the admission of a 2016 voter registration form reflecting her name and address to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FRE 404(b).  Admission of the 2016 voter registration form, will suggest and mislead the jury to believe that it was in fact Ms. James, who completed the voter registration form. The government has not provided any evidence through discovery that confirms Ms. James was indeed the person who completed the voter registration form in 2016.

Registering to vote or voting is unlike a criminal conviction, prior charge, prior criminal investigation, and the like, which may fall into the category of "evidence of other crimes, wrongs or acts." FRE 404(b). A voter can be impersonated and there is no way of verifying the identity (picture ID) of the voter at the time of voting. Voter registration cannot be a bad act because voter registration can happen by mistake, wrong advice, or be done by a third party — in some cases, with or without the consent of the voter.  The question that remains open is whether voter registration is a "bad act" as envisaged by FRE

404(b). There is no evidence to support the premise that completing a voter registration form, standalone, is an act that may fall into the wide category envisaged by FRE 404(b), as "evidence of other crimes, wrongs, or acts," especially if the person who completed the voter registration form cannot be identified.

Further, it does not follow that completing a voter registration form, *per se*, leads to actual voting. To make that assumption is nothing more than conjecture. Registered voters do not have to vote. However, it is a fact that a voter must register to vote, if that voter plans to vote.

## AD PARAGRAPH II     LEGAL ISSUES B

Ms. James objects to the government's request to admit voter registrations and voting records prior to 2016 that reflect Ms. James's name and address. The sole purpose of the government's request in this matter is to admit the prior registrations and prior voting record to prove criminal disposition. FRE 404(b) does admit evidence of other crimes, but specifically excludes other crimes which tend to prove only criminal disposition. Besides, all voting-related acts attributed to Ms. James prior to 2016 are unverified, uncharged, and therefore, unreliable. Consequently, its probative value is "substantially outweighed" by its prejudicial nature.

In this circuit, the courts have articulated a four-prong test of admissibility of prior-act evidence:

- *The prior-act evidence must be relevant to an issue other than character, such as intent;*
- *It must be necessary to prove an element of the crime charged;*
- *It must be reliable; and*
- *As required by FRE 403, its probative value must not be "substantially outweighed" by its prejudicial nature.*

The issue in this case is whether Ms. James or a third party, impersonating Ms. James, completed the voter registration form and subsequently voted in the 2016 general elections. Unlike other crimes which require the identification of the actual perpetrator of a crime, voting crimes can be committed by a third party. It is a well-known fact that voter fraud happens in almost all elections. The U.S. general elections on November 6, 2020, as of the date hereof, remains disputed with over thirty (30) court actions pending or finalized, and emotions running high because of alleged voter fraud. Registered voters being impersonated at polling stations and voting on their behalf, without their knowledge, are among other alleged voter fraud issues.

There are two other dangers that FRE 404(b) addresses. First, it protects against juries trying defendants for prior acts rather than charged acts, and guards against juries becoming confused by the purpose of admitted acts and using the acts improperly in arriving at a

verdict. There is a real danger in this case of the proverbial 'there is no smoke without fire." That is, if Ms. James's name is on the voter registration forms, then she must have voted. In this matter there is no evidence that the act of registering to vote or voting was committed by Ms. James in 2016.

Second, it protects against the "trial by ambush" that would occur if one were confronted at trial not only with acts alleged in the Information, but also with unproved prior acts from Ms. James's past. *United States v. Queen, 132 F.3d 991 (4th Cir. 1997).*

The admission of the voter registrations and voting records have great potential for confusion and prejudice. There is indeed a high risk that the North Carolina Board of Elections business records will lead to some jurors basing their decision on emotional reaction, especially in light of the unresolved election issues and over 30 lawsuits filed in six swing states, in an attempt to contest the election results of the 2020 general election.

This is exacerbated by the highly emotional views of voters for their particular candidate and party. This fact cannot be overlooked because this trial is going to be heard by jurors whose political views are not going to be challenged when chosen to serve on the jury in this matter.

A national poll conducted by Change Research/CNBC between November 18-21, 2020, and published on November 24, 2020, concluded that *"only 3% of 2020 Trump voters accept the election of Joe Biden as legitimate, 73% believe Trump is the legitimate winner and 24% are unsure."*

Finally, the North Carolina Board of Elections business records do not confirm that Ms. James registered to vote or voted in any election, including, the general election of 2016. Admission of these business records, coupled with the current emotional climate regarding voter fraud in the 2020 general election, will risk the jury basing its decision on an emotional reaction. It does not follow, that registering to vote and knowledge of the voting process, equals voting.

The defendant moves the Court to disallow the government's request to admit FRE 404(b).

This the 25th day of November 2020

<div style="margin-left:50%">

/ s /  Alan Doorasamy Sr.
ALAN DOORASAMY
State Bar #:  31493
107 Westdale Avenue
Winston-Salem, NC 27101
336-777-3773 (Office)
336-723-3825 (Facsimile)
Email: alan@dooralaw.com

</div>

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew G.T. Martin, Esq.
United States Attorney

Stephen T. Inman, Esq.
Assistant United States Attorney

Middle District of North Carolina
101 S. Edgeworth Street, 4th Floor
Greensboro, North Carolina 27401

This the 25th day of November 2020

/ s / Alan Doorasamy Sr.
ALAN DOORASAMY, SR
State Bar #:  31493
107 Westdale Avenue
Winston-Salem, NC 27101
336-777-3773 (Office)
336-723-3825 (Facsimile)
Email: alan@dooralaw.com